# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN JAY POWERS, | No. 4:20-CV-01519 |
| Petitioner, | (Judge Brann) |
| v. | |
| HERMAN QUAY, | |
| Respondent. | |

## MEMORANDUM OPINION

### JANUARY 15, 2021

Petitioner John Jay Powers ("Petitioner" or "Powers"), a federal prisoner in the custody of the Federal Bureau of Prisons ("BOP"), presently incarcerated at the United States Penitentiary at Allenwood, filed the instant petition pursuant to 28 U.S.C. § 2241 on August 24, 2020,[1] accompanied by a Declaration[2] and Memorandum of Law.[3] He is "challenging the failure of the FBOP to properly consider the order granting compassionate release and recommending home confinement in 1:15-cr-00647-TUC-FRZ (D. Az.)."[4] Respondent responded to the petition[5] and Powers replied with a Traverse.[6] Powers has also filed an

---

[1] Doc. 1.
[2] Doc. 2.
[3] Doc. 3.
[4] Doc. 1, p. 2.
[5] Doc. 11.
[6] Doc. 13.

"emergency motion for expedited consideration of habeas petition."[7]

For the reasons set forth below, the emergency motion will be granted and the petition will be dismissed based on Powers' failure to exhaust his administrative remedies.

## I.   BACKGROUND

It appears from the Public Information Inmate Data Sheet provided by the BOP, that Powers is presently serving a sentence of 45 months' imprisonment imposed by the United States District Court for the District of New Jersey, in criminal case 1:99-cr-253, following a conviction of escape, in violation of 18 U.S.C. § 751(A)(count one), and a conviction for interstate transport of stolen vehicle in violation of 18 U.S.C. § 2312.[8] He is eligible for release on October 27, 2021.[9]

I am also aware, from a separate federal habeas petition filed by Powers, of the following sentence history:

> On June 25, 2018, he completed service of his 389 month and 15 day Supervised Release aggregated term of confinement for Possession of a Stolen Motor Vehicle, Criminal Contempt in Violation of Section 42A, Federal Rules of Criminal Procedures, and Bank Robbery in Case No. 89-61-CR-T-13 (08), Middle District of Florida; Transport Interstate Commerce Motor Vehicle, Possession of a Firearm by a Felon, Possession of Unregistered and Altered Firearms, Interstate Transportation of Stolen Firearms, and Possession of Counterfeit Security, in Case No. 89-60-cr-T-15B, Middle District of Florida; and

---

[7]   Doc. 14.
[8]   Doc. 11-1, pp. 6, 7.
[9]   *Id.* at 7.

Bank Robbery in Case No. IP 90-145-CR-01, Southern District of Indiana. Doc. 11-2, pp. 2, 8, 13, 16, 42-45. After application of Good Conduct Time pursuant to the First Step Act of 2018, he had a release date of June 25, 2018. During his incarceration, he received sanctions due to disciplinary infractions resulting in the loss of 614 days of good conduct time.[10]

Powers contends that that the BOP has failed to release him despite an order entered in 1:15-cr-00647-TUC-FRZ (D. Az.), granting him compassionate release and recommending home confinement. He attaches to his declaration in support of his petition a July 24, 2020, letter from the Designation and Sentence Computation Center ("DSCC") informing him that "[w]hile the most recent judgment in case number 4:15-cr-00647-FRZ-EJM does 'recommend the Bureau of Prisons exercise its authority under the CARES Act and release the Defendant to home confinement forthwith,' this is merely a recommendation by the court, and the authority to grant a compassionate release to home confinement must be determined by the Warden of your facility."[11]

## III. DISCUSSION

A habeas petition under § 2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement",[12] or the "execution" of his confinement.[13] A federal habeas court may only extend a writ of habeas corpus to

---

[10] *See Powers v. Quay*, No. 4:20-CV-1145 (M.D.Pa.), Doc. 14, n. 2.
[11] Doc. 2, p. 23.
[12] *Presser v. Rodriguez*, 411 U.S. 475, 494 (1973).
[13] *Woodall v. Fed. BOP*, 432 F.3d 235, 241-42 (3d Cir. 2005).

federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]"[14]

Respondents seek to dismiss the instant petition based on Powers' failure to exhaust administrative remedies.[15] Despite the absence of a statutory exhaustion requirement, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241.[16] In the typical case, the failure to exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241 is a proper basis for dismissal.[17] Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."[18] Notably, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.[19]

---

[14] 28 U.S.C. § 2241(c)(3).
[15] Doc. 11, p. 5.
[16] *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).
[17] *Moscato*, 98 F.3d at 761-62.
[18] *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).
[19] *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D.Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

The BOP has established a multi-tier administrative remedy system whereby a federal prisoner may seek formal review of any aspect of his imprisonment.[20] If an issue raised by the inmate cannot be resolved through this administrative remedy system, the BOP will refer the inmate to appropriate statutorily-mandated procedures.[21] The system first requires an inmate to present their complaint to staff before filing a request for administrative relief, which staff shall attempt to informally resolve.[22] If informal resolution is unsuccessful, an inmate may file a formal written complaint to the Warden, on the appropriate form, within twenty calendar days of the date of the event or occurrence and the Warden shall provide a response within twenty calendar days.[23] If the inmate is dissatisfied with the Warden's response, he may file an appeal to the Regional Director within twenty calendar days.[24] The Regional Director has thirty calendar days to respond.[25] Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may be appealed to the BOP's General Counsel at Central Office within thirty calendar days from the date of the Regional Director's response.[26] No

---

[20] Declaration of Megan G. Marlow, BOP attorney adviser, Doc. 11-1, p. 13, ¶ 4, citing 28 C.F.R. §§ 542.10-542.19 (2005)).
[21] *Id.* at ¶ 5, citing 28 C.F.R. §542.10(c).
[22] *Id.* at ¶ 6, citing 28 C.F.R. § 542.13(a).
[23] *Id.* at ¶¶ 7, 8 citing 28 C.F.R. §§542.14, 542.18.
[24] *Id.* at ¶ 9, citing 28 C.F.R. § 542.15(a).
[25] 28 C.F.R. § 542.18.
[26] Doc. 11-1, p. 13, ¶ 9, citing 28 C.F.R. § 542.15(a).

administrative remedy appeal is considered fully exhausted until reviewed by the BOP's Central Office.[27]

The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY").[28] In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional and Central Offices, so that rapid verification may be made as to whether an inmate has exhausted his administrative remedies on a particular issue.[29] BOP employees log and update inmates' public information into SENTRY as a matter of course as the information is received.[30]

Although all requests for administrative relief, whether accepted or rejected, are entered into the BOP's computerized database, actual copies of rejected administrative remedies are not maintained.[31] SENTRY generates a report titled "Administrative Remedy Generalized Retrieval" which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief.[32]

Powers' Administrative Remedy Generalized Retrieval report indicates that, although he initiated administrative review with the filing of a written complaint, the warden rejected the request based on the following: "1043409-F1–MLT–

---

[27] *Id.* at ¶ 10, citing 28 C.F.R. § 542.15(a).
[28] *Id.* at ¶ 13.
[29] *Id.* at ¶ 11.
[30] *Id.* at ¶ 13.
[31] *Id.* at ¶ 12.
[32] *Id.* at ¶¶ 13-15.

OTH–Multiple issues will not be accepted on a single BP-9 [written complaint] blue form.  You must submit separate requests with supporting documentation."[33]  He failed to take any further action to remedy the procedural irregularities.

Powers does not dispute that he failed to further avail himself of the administrative remedy process.  Rather, he argues that the process was unavailable and futile because "there is no space between a grievance and response at DSCC and Central Office, and there is no chance of a different outcome by Central Office."[34]  He asserts that "he has taken every reasonable step to bring his grievance to the attention of those FBOP officials and departments that are capable of granting relief."[35]  The record indicates otherwise.

According to the July 24, 2020 letter from DSCC to Powers, the ultimate decision concerning release under the CARES Act lies with the warden of the facility.[36]  Despite being well aware of the BOP's exhaustion requirements, he failed to "avail [] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)."[37]  A single rejection of an initial grievance does not render the administrative review process unavailable or futile.  He fails to identify BOP actions that would clearly and unambiguously violate statutory or

---

[33] *Id.* at ¶ 15.
[34] *Id.*
[35] Doc. 13, p. 5.
[36] Doc. 2, p. 23.
[37] *Spruill v. Gillis*, 372 F.3d 218, 228 (3d Cir. 2004).

constitutional rights, and he has not set forth any facts or advanced an argument that would permit this Court to find that exhaustion of his administrative remedies would subject him to "irreparable injury."

Consequently, the petition will be dismissed for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Powers to invoke the judicial process despite failing to complete administrative review.

## IV.   CONCLUSION

Based on the foregoing, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge